UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RYAN KEITH WILLIAMS,

        Plaintiff,

v.                                Case No. 3:26-cv-348-JEP-LLL

J. THOMPSON, et al.,

        Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Ryan Keith Williams, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Complaint for Violation of Civil Rights ("**Complaint**," Doc. 1).[1] In the Complaint, Plaintiff seems to allege he was denied access to the courts, deprived of his personal property, and denied medical care while being housed at the Charlotte County Jail in July–August 2023. (*See id.* at 8–10).

The Prison Litigation Reform Act ("**PLRA**") amended 28 U.S.C. § 1915 by adding the following subsection:

(g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

---

[1] The Court assumes that Plaintiff desires to proceed as a pauper because he did not submit the filing fee with his Complaint.

the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

The Court takes judicial notice of other actions previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) *Williams v. Legal Mail Handler*, No. 2:13-cv-14296-JEM, Doc. 14 (S.D. Fla. Dec. 23, 2013) (dismissing the case for failure to state a claim); (2) *Williams v. Martin Corr. Inst.,* No. 2:13-cv-14342-JEM, Doc. 15 (S.D. Fla. Mar. 10, 2014) (dismissing the case for failure to state a claim); (3) *Williams v. Prummell,* No. 2:23-cv-833-JLB-KCD, Doc. 13 (M.D. Fla. Feb. 13, 2024) (dismissing the case for failure to state a claim); (4) *Williams v. Thompson*, No. 2:23-cv-945-JLB-NPM, Doc. 17 (M.D. Fla. Feb. 27, 2024) (dismissing the case for failure to state a claim); and (5) *Williams v. Florida*, No. 2:24-cv-1109-JLB-KCD, Doc. 4 (M.D. Fla. Dec. 18, 2024) (dismissing the case for failure to state a claim). Thus, Plaintiff is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). Moreover, Plaintiff's allegations do not warrant the imminent danger exception to dismissal. Therefore, the Court will dismiss this case without prejudice.

Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying $405.00 ($350.00 filing fee and $55.00 administrative fee) in the appropriate court.[2]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of April, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
Ryan Keith Williams, #A-W32772

---

[2] It is unclear why Plaintiff filed his lawsuit in this Court. Any lawsuit concerning the conditions of confinement at the Charlotte County Jail must be filed in the Fort Myers Division of the Middle District of Florida.